

Madeleine S. Murphy, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Jonathan E. Hawley, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before Hon. JOHN L. COFFEY, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Victor Najera pleaded guilty to conspiracy to distribute cocaine. *See* 21 U.S.C. § 846. In sentencing him, Judge Matthew F. Kennelly treated the guidelines as mandatory in accordance with the law as it existed before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Following *Booker*, we ordered a limited remand, pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005), so the judge could inform us whether he would have sentenced Najera differently had he known the sentencing guidelines were merely advisory.

In response to our order, Judge Kennelly stated that he would have imposed a lower sentence. We invited the parties to file position statements concerning the appropriate disposition of the case. Only Najera has responded, and he concurs with the district court that resentencing is appropriate. Accordingly, IT IS ORDERED that Najera's sentence is VACATED, and the case is REMANDED to the district court for resentencing.

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie DANTZLER, Defendant–Appellant.**

No. 03–2358.

United States Court of Appeals, Seventh Circuit.

March 7, 2006.

471, (7th Cir.2005), to ask the district court whether Willie Dantzler would have benefitted from the additional sentencing latitude provided by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court has responded that it would have imposed the same sentence. Dantzler, therefore, cannot show plain error. *See Paladino,* 401 F.3d at 484.

■ We invited the parties to address the appropriate disposition of this appeal in light of the district court's response, but Dantzler has let the deadline pass without taking that opportunity. His sentence is within the 188– to 235–month guideline range and is therefore presumed reasonable. *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir.2005). Nothing in the record leads us to question that presumption. The judgment is AFFIRMED.

Richard H. Lloyd, Office of the United States Attorney Criminal Division, Fairview Heights, IL, for Plaintiff–Appelle.

Robert A. Handelsman, Chicago, IL, for Defendant–Appellant.

Before Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

ORDER

■ We ordered a limited remand under *United States v. Paladino,* 401 F.3d

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John MCCRAY, Jr., Defendant–Appellant.**

No. 05–4194.

United States Court of Appeals,
Seventh Circuit.